**Lonnie Lee BRADDY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–94–00711–CR.**

Court of Appeals of Texas, Dallas.

Feb. 13, 1995.

---

Vic Sasso, Dallas, for Appellant.

April E. Smith, Assistant District Attorney, Dallas, for Appellee.

Before OVARD, BARBER and DEVANY, JJ.

## OPINION

DEVANY, Justice.

Lonnie Lee Braddy appeals his conviction for assault in a trial before the court wherein he was sentenced to ninety days' confinement and fined $1000. In his sole point of error, appellant contends that the evidence is insufficient to prove venue as alleged in the information. We overrule appellant's point of error. We affirm the trial court's judgment.

Appellant was charged with assault for shoving his wife's head into a bed post. The information alleged that the offense occurred in Dallas County, Texas.

At trial, complainant Kimberly Braddy testified that she and appellant, her husband, were at home when the offense occurred. She stated that she used to live in Dallas and now lives in East Texas.

Another witness, Rose Hamm, testified that she picked Kimberly up from Kimberly's house after the offense occurred. Hamm stated that it took her approximately four minutes to get to Kimberly's house from her own house in Duncanville. After Hamm and Kimberly left Kimberly's house, Hamm saw a police officer and signaled for his help. Hamm and the officer pulled over at the corner of Camp Wisdom Road and Cedar Ridge Road. After talking to Kimberly, the officer called an ambulance which arrived and took Kimberly to Charlton Methodist Hospital.

After the ambulance left with Kimberly, Hamm returned to her own home in Duncanville. Shortly thereafter, appellant arrived at Hamm's house. While there, appellant asked Hamm to call the police and report his offense. Two officers arrived in response to her 9–1–1 call. However, once these officers discovered appellant's address, Hamm was told that Dallas officers would have to handle the matter because appellant lived outside Duncanville city limits. Then, upon appellant's request, Hamm called appellant's mother and told her:

> [Y]our son has abused Kimberly and the police are going to be picking him up; and because he lives in Dallas, they are going to be picking him up at the house. And he asked me to call you because he wants you to be with him.

Appellant was later arrested by the Dallas police.

At trial, after the State rested, appellant's attorney moved for a "directed verdict." This motion specifically asserted that the

State failed to establish venue. The court overruled this motion.

Appellant contends that the evidence is insufficient to prove venue as alleged in the information. Specifically, he argues that the State failed to prove the offense occurred in Dallas County.

■ "Venue," as applied to criminal cases, means the place in which the prosecution is to begin. *See Fairfield v. State,* 610 S.W.2d 771, 779 (Tex.Crim.App.1981); *Williams v. State,* 145 Tex.Crim. 536, 170 S.W.2d 482, 485 (App.1943). Venue is not synonymous with "jurisdiction," which is the power of the court to hear and determine the case. *Fairfield,* 610 S.W.2d at 779; *Williams,* 170 S.W.2d at 485.

■ For assault cases, venue lies in the county in which the offense was committed. Tex.Code Crim.Proc.Ann. art. 13.18 (Vernon 1977). It is only necessary to prove venue by a preponderance of the evidence; venue does not have to be proved beyond a reasonable doubt, as it is not an element of an offense. Tex.Code Crim.Proc.Ann. art. 13.17 (Vernon 1977); *see Black v. State,* 645 S.W.2d 789, 792 (Tex.Crim.App.1983) (Onion, J., dissenting); *Fairfield,* 610 S.W.2d at 779; *Edwards v. State,* 427 S.W.2d 629, 636 (Tex. Crim.App.1968). Venue may be proved by direct or circumstantial evidence. *Black,* 645 S.W.2d at 790; *Haynes v. State,* 140 Tex. Crim. 52, 143 S.W.2d 617, 619 (App.1940); *Sixta v. State,* 875 S.W.2d 17, 18 (Tex.App.— Houston [1st Dist.] 1994, pet. ref'd). Additionally, a trial court may take judicial notice of the location of a certain city or town, and of the fact that the city or town is the county seat of a particular county. *See Black,* 645 S.W.2d at 791; *Moore v. State,* 151 Tex.Crim. 542, 209 S.W.2d 192, 194 (App.1948); *Sixta,* 875 S.W.2d at 18. As the trier of fact, a trial court may make reasonable inferences from the evidence. *Benavides v. State,* 763 S.W.2d 587, 588–89 (Tex.App.—Corpus Christi 1988, pet. ref'd).

■ It is presumed that venue is proved in the trial court, unless the record affirmatively shows otherwise or venue is made an issue at trial. Tex.R.App.P. 80(d); *Clark v. State,* 558 S.W.2d 887, 891 (Tex.Crim.App.1977);

*Vasquez v. State,* 491 S.W.2d 173, 175 (Tex. Crim.App.1973); *McCoy v. State,* 478 S.W.2d 480, 481 (Tex.Crim.App.1972). A motion for an instructed verdict of acquittal, specifically challenging the proof of venue, timely raises the issue of venue. *Black,* 645 S.W.2d at 790; *Romay v. State,* 442 S.W.2d 399, 400 (Tex. Crim.App.1969).

■ In the instant case, appellant timely raised the issue of venue in his motion for "directed verdict." However, it can be reasonably inferred from the evidence that the offense occurred in Dallas County.

At trial, Kimberly testified that she lived in Dallas before moving to East Texas, where she resided at the time of trial. She stated that the offense occurred while she and appellant were at home. Kimberly's emergency room documents, written on the date of the offense, list her home address as 6608 Mountain Cedar, Dallas, Texas, 75236. The court jacket contains the warrant for appellant's arrest and the information listing the same home address. Furthermore, the affidavit for appellant's arrest warrant specifically states that the affiant believes the offense occurred in Dallas County at the Mountain Cedar address.

■ Additionally, Hamm testified that it only took her four minutes to get to Kimberly's house from her own home in Duncanville. Hamm's testimony also reveals that the ambulance picked up Kimberly at Camp Wisdom and Cedar Ridge Road, whereafter Kimberly was taken to Charlton Methodist Hospital. The trial court could have properly taken judicial notice of the facts that Duncanville, Camp Wisdom Road, Cedar Ridge Road, and Charlton Methodist Hospital are all located in Dallas County.

Finally, Hamm testified that the officers who came to her house explained that, because of appellant's address, the Dallas police would have to handle the matter. Hamm also stated that she explained to appellant's mother that appellant would have to be arrested by the Dallas police because his home was in Dallas.

Therefore, we conclude that the trial court, as the finder of fact, could reasonably infer

from the evidence that the offense occurred in Dallas County; thus, venue was properly established. Accordingly, we overrule appellant's point of error.

We affirm the trial court's judgment.