No. 04-98-00459-CR



Juan Matias VEGA,


Appellant



v.



The STATE of Texas,


Appellee



From the 218th Judicial District Court, Frio County, Texas


Trial Court No. 98-02-00018-CRF


Honorable Stella Saxon, Judge Presiding



Opinion by: Karen Angelini, Justice


Sitting: Catherine Stone, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: April 7, 1999


AFFIRMED


 Juan Vega appeals his conviction for felony driving while intoxicated. Raising one issue on
appeal, he contends that the trial court erred in failing to grant his motion for instructed verdict based
on his allegation that the State failed to prove venue as alleged in the indictment. We affirm the
judgment of the trial court.

 On February 17, 1998, Juan Vega was charged by indictment with felony driving while
intoxicated. The indictment alleged that the offense occurred in Frio County, Texas. At trial,
following the close of the State's case in chief, Vega moved for an instructed verdict on the ground
that the State failed to prove that the offense occurred in Frio County as alleged in the indictment.

The trial court denied Vega's motion.

 Vega now contends that the trial court's error in denying his motion for instructed verdict
requires reversal. Vega is correct in his assertion that the State's failure to prove venue in the county
of prosecution is reversible error. See Black v. State, 645 S.W.2d 789, 791 (Tex. Crim. App. 1983).
Venue is presumed to be proved unless the record affirmatively shows otherwise or the defendant
raised the issue at trial. See Tex. R. App. P.44.2(c)(1); see also Gill v. State, 646 S.W.2d 532, 533
(Tex. App.--Houston [1st Dist.] 1982, no pet.)(citing Clark v. State, 558 S.W.2d 887, 891 (Tex.
Crim. App. 1977)). In this case, Vega's motion for instructed verdict sufficiently preserved the issue
for appeal. See Black, 645 S.W.2d at 791.

 For purposes of this and all criminal cases, "venue" refers to the appropriate place for
prosecution. See Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981); Braddy v. State,
908 S.W.2d 465, 467 (Tex. App.--Dallas 1995, no pet.). It is to be distinguished from
"jurisdiction," which refers to the court's power to entertain the subject matter of a particular case.
See id. Contrary to Vega's assertions to the trial court, venue is not jurisdictional. Because it is not
a constituent element of an offense, it must be proved only by a preponderance of the evidence, not
beyond a reasonable doubt. See Tex. Code Crim P. art. 13.17 (Vernon 1977); see also Fairfield,
610 S.W.2d at 779; Black, 645 S.W.2d at 790.

 Venue may be established by either direct or circumstantial evidence. See Black, 645 S.W.2d
at 790; Sixta v. State, 875 S.W.2d 17, 18 (Tex. App.--Houston [1st Dist.] 1994, pet. ref'd); Jasso
v. State, 699 S.W.2d 658, 661 (Tex. App.--San Antonio 1985, no pet.). In determining venue, the
fact finder may make reasonable inferences from the evidence. See Lozano v. State, 958 S.W.2d
925, 929 (Tex. App.--El Paso 1997, no pet.). The evidence is sufficient to prove venue if it permits
a jury to reasonably conclude that the offense was committed in the county alleged. See Batista v.
State, 702 S.W.2d 282, 284 (Tex. App.--San Antonio 1985, no pet.)(citing Edwards v. State, 427
S.W.2d 629 (Tex. Crim. App. 1968)).

 In this case, it can be reasonably inferred from the circumstantial evidence that Vega
committed the charged offense in Frio County, Texas. Trooper John Frederick testified that, on
January 2, 1998, he was working in Frio County, Texas. He testified that he stopped Vega on
Interstate 35 for a traffic violation. After determining that Vega was intoxicated, Trooper Frederick
placed him under arrest for driving while intoxicated. Trooper Frederick then transported Vega to
the Frio County Jail. At the jail, Vega signed a document informing him of the consequences of
refusing to submit to a breath test. That document indicates that the county of arrest was Frio
County. This evidence, taken together, is sufficient proof that the offense occurred in Frio County,
Texas. Vega's point of error is overruled.

 The judgment of the trial court is affirmed.


 KAREN ANGELINI

 JUSTICE

DO NOT PUBLISH


Return to
4th Court of Appeals Opinions