In The









In The

 

Fourteenth Court of Appeals

____________

 

NO.  14-02-00554-CR

____________

 

DAVID ARNOLD SMITH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County Criminal Court at
Law No. 10

Harris County, Texas

Trial Court Cause No. 1088129

 



 

M
E M O R A N D U M  O
P I N I O N

A jury found appellant David Arnold Smith guilty of
assaulting a family member, a misdemeanor offense.  The trial court assessed punishment at two
days= confinement, assessed a $200 fine,
and included an affirmative finding of domestic violence in its judgment.  In three issues, appellant challenges (1) the
sufficiency of the venue evidence; (2) the trial court=s refusal to instruct the jury to
disregard; and (3) the admission of hearsay evidence.  We affirm.

 








I. Facts and Background Information

After having dinner and drinks with friends at a home in the
Champion Forest subdivision, Mrs. Svetlana Smith, a Russian immigrant, drove
home with her intoxicated husband, David Smith. 
On their way home, they argued and he pulled her hair, squeezed her arms,
and hit her with his hand.  She called
911 after they arrived at their West University Place home. 

Officer Alan Gomez of the West University Police Department
responded to Mrs. Smith=s 911 call.  Upon arrival at the Smith home, Officer Gomez
observed Mr. Smith standing near a car parked in the driveway.  He appeared intoxicated.  Mrs. Smith was at the doorway to their home
upset, crying, and yelling.  She had also
been drinking, but did not appear intoxicated. 
Red marks were visible on her face and arms, and she had a bruise on one
of her biceps.  She told the officer that
her husband had grabbed and squeezed her arms, pulled her hair, and struck her
head while she was driving home from the FM 1960 area, but stated that she did
not want her husband to go to jail. 
Officer Gomez arrested Mr. Smith for public intoxication. 

After speaking with the District Attorney=s (ADA@) office about filing domestic
violence charges, Officer Gomez was asked by the prosecutor on duty to clarify
where the offense took place.  He
returned to the Smith=s home the following night with Officer Brian Miller to
conduct a follow-up investigation and interview Mrs. Smith again.  At that time, he took pictures of her
injuries.  Officer Gomez testified that
she told him the assault took place while they were driving south on I-45 from
FM 1960 to West University Place. 








At trial Mrs. Smith testified on her husband=s behalf.  Her version of the events changed and
expanded.  She claimed that she was lost
going north on I-45 and was near the Woodlands when the assault took
place.  She introduced photos and a
videotape depicting exactly where she claims she was lost and where their
argument occurred.  On cross-examination
Mrs. Smith could not recall exactly what she said to the officer the second
night she was interviewed and photographed. 
When the prosecutor asked if it was her contention that the assault
occurred, but not within Harris County limits, she testified: AI do not understand Harris County.@ 
She also confirmed that prior to trial she had called the DA=s office asking that her husband not
be prosecuted.

II. Discussion

A. Venue: Sufficiency of the
Evidence

In his first issue, appellant contends the evidence is
legally insufficient to establish that the crime took place in Harris County,
Texas.  He argues that the only
admissible evidence of venue was the testimony of Mrs. Smith who, at trial,
pinpointed the location of the assault in Montgomery County, Texas.

In assault cases, the proper location for prosecution lies in
the county in which the offense was committed. 
Tex. Code Crim. Proc. art.
13.18.  Because
venue is not a Acriminative fact@ or an element of the offense, it
need not be proved beyond a reasonable doubt, but rather by a preponderance of
the evidence.  Tex. Code Crim. Proc. art.
13.17; Fairfield v. State, 610 S.W.2d 771, 779 (Tex. Crim. App. 1981). 
Failure to prove venue when it is at issue is reversible error. Jones v. State, 979 S.W.2d 652, 659 (Tex. Crim. App. 1998); Black v. State, 645 S.W.2d
789, 791 (Tex. Crim. App. 1983) (en banc).

Venue may be proven by direct or circumstantial evidence.  Couchman v. State,
3 S.W.3d 155, 161 (Tex. App.CFort Worth 1999, pet. ref=d); Braddy
v. State, 908 S.W.2d 465, 467 (Tex. App.CDallas 1995, no writ).  To decide the issue of venue, the trier of fact may make reasonable inferences from the
evidence.  Bordman
v. State, 56 S.W.3d 63, 70 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d); Lozano v. State, 958
S.W.2d 925, 929 (Tex. App.CEl Paso 1997, no pet.). 
Evidence is sufficient to establish venue if Athe jury may reasonably conclude that
the offense was committed in the county alleged.@  Rippee v. State, 384 S.W.2d 717, 718
(Tex. Crim. App. 1964); Couchman, 3 S.W.3d at 161. 








To establish venue in Harris County, the State presented
evidence of the time and place that the assault occurred according to Mrs.
Smith=s statements on the evening of the
assault to both Officer Gomez and a 911 communications officer.  When Mrs. Smith called 911 she stated that
the assault occurred twenty to thirty minutes earlier while she and her husband
were driving home.  Officer Gomez
testified that Mrs. Smith told him during her initial interview that it had
taken them forty-five minutes to get home from the dinner party. When Officer
Gomez returned for additional information the night following the assault, Mrs.
Smith again told him they traveled on I-45 South to West University and that
she had been driving forty-five minutes in total.  She never mentioned the Woodlands, Conroe,
Montgomery County, or getting lost on her way home.  Officer Gomez identified a page from a
commercial map, which was admitted into evidence without objection, and
highlighted the route between the FM 1960 area and West University via I-45
South.  Officer Miller testified that FM
1960 is in Harris County, I-45 South is in Harris County, and the Champion
Forest subdivision is in Harris County. 

As a defense witness at trial, Mrs. Smith told the jury the
couple argued because she was lost and wanted to stop to ask directions but her
husband would not let her get out of the car because he feared for her
safety.  She testified that she had
turned left from FM 1960 and traveled north for a while, saw a sign that read Athe Woodlands,@ realized she was going the wrong
way, exited the highway and was driving on FM 1314 when the assault took place
at the intersection of Sorters and McClellan Road in Montgomery County.  She testified that ultimately she drove south
to West University.  Before trial, when
she called the DA=s office to ask that they dismiss the assault charges against
her husband, she never mentioned to anyone that she had been lost on her drive
home, or that the assault occurred near the Woodlands.








Mrs. Smith=s testimony at trial and her statements made near the time of
the assault to both Officer Gomez and the 911 communications officer are
inconsistent.  One of the jury=s functions is to resolve such
conflicts in the evidence.  The
credibility of the witnesses and their testimony is within the domain of those
matters entrusted to a jury for resolution.  Tex. Code Crim. Proc. art.
38.04; see Garcia v. State, 919 S.W.2d 370, 382 n.6
(Tex. Crim. App. 1996) (op. on reh=g) (per curiam).  The jury is not only entitled to resolve
conflicts but can even choose to disbelieve any Arecantation.@ Chambers v.
State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991)
(en banc).  As an appellate court,
we may only set aside the jury=s verdict for legal insufficiency of venue if the evidence
does not permit a jury to reasonably conclude that the offense was committed in
the county alleged.  Holdridge
v. State, 707 S.W.2d 18, 22 n.4 (Tex. Crim. App.
1986); see Edwards v. State, 427 S.W.2d 629, 634 (Tex. Crim. App. 1968); Edwards v. State, 97 S.W.3d 279,
285 (Tex. App.CHouston [14th Dist.] 2003, pet ref=d). 

Considering Mrs. Smith=s earlier statements to the 911
communications officer that the assault had taken place twenty to thirty
minutes from her home, and her statement to the investigating officer that the
drive home from Champions Forest took forty-five minutes in total, we conclude
that there was sufficient evidence from which the jury could rationally infer
appellant and his wife were in Harris County at the time of the assault.  Resolving conflicts in testimony requires an
evaluation of the credibility and demeanor of the witness, which is best
determined by observing the witness.  See
Heiselbetz v. State, 906 S.W.2d
500, 504 (Tex. Crim. App. 1995).  The jury=s finding that appellant assaulted
his wife in Harris County is a reasonable conclusion from the evidence.  Therefore, we find that the State established
venue by a preponderance of the evidence and the evidence was legally
sufficient to support appellant=s conviction.  See
Edwards, 97 S.W.3d at 286 (finding jury could rationally infer assault
committed in Harris County based on complainant=s testimony that assault took place
approximately ten to fifteen minutes before arriving at the Harris County
Jail); Lozano, 958 S.W.2d at 929B30 (finding jury could rationally
infer crime occurred in Reeves County based on circumstantial evidence that the
crime took place a short distance from complaintant=s home located in Reeves County).
Appellant=s first issue is overruled. 








B. Evidentiary Issues

Appellant=s second and third issues pertain to
the admission of evidence.  In his second
issue, appellant argues the trial court erred in refusing to instruct the jury
to disregard after his objection to a question was sustained.  In his third issue, appellant argues the
trial court erred in allowing Officer Gomez to testify about statements Mrs.
Smith made on the night following the assault because they were hearsay.

We review a trial court=s evidentiary rulings under an
abuse of discretion standard.  See
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). 
Under that standard, we will not disturb a trial court=s decision unless it lies outside Athe zone of reasonable disagreement.@ 
Salazar v. State, 38 S.W.3d 141, 153B54 (Tex. Crim. App. 2001) (quoting Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991)). 

1.         Trial court=s refusal to instruct the jury to
disregard a question

Appellant contends that the trial court=s refusal to instruct the jury to
disregard a question by the prosecutor was error because it included
inadmissible hearsay and injected facts outside the record.  He also argues that the cumulative effect of
several prior, objectionable questions and sustained objections warranted the
instruction to disregard.  However,
appellant waived these issues on appeal by failing to properly preserve the
issue in the trial court.  The proper
method to preserve error regarding the admission of evidence is to (1) object
timely; (2) request the trial court to instruct the jury to disregard any
statements made; and (3) move for a mistrial based upon the complained-of
evidence.  Coe v. State, 683
S.W.2d 431, 436 (Tex. Crim. App. 1984) (en banc); Cureton v. State, 800 S.W.2d 259, 261 (Tex.
App.CHouston [14th Dist.] 1990, no writ). 

During trial, the following exchange took place: 

Prosecutor: And did you make a phone call to the Harris County
District Attorney=s
office?

Gomez: Yes.








Defense Counsel: Objection to anything the Harris County District
Attorney=s
Office may say in the phone call.

Court: Sustained.

Prosecutor: Did the District Attorney=s Office accept charges?

Gomez: Yes.

Defense Counsel: Answer based on hearsay. Same
objection.

Court: Sustained.

Prosecutor: Before you called the District Attorney=s office, did you feel like you had clarified the
jurisdiction questions that the District Attorney=s office had?

Defense Counsel: I object to that as being irrelevant, Your Honor.

Court: Sustained.

Defense Counsel: I ask that the jury be instructed to disregard that.

Court: I=m not going to do that. I sustained your objection.

Prosecutor: Now, before you did call the District Attorney=s Office, did you do any further investigation to
determine where this occurred?

Gomez: Yes, by going to the residence at 2635 and speaking to
the complainant.

We now discuss each objection in turn.

a. Timeliness of appellant=s first and second objections in the
trial court








Defense counsel=s first objection is
prophylactic.  In context, it is clear
that he was objecting to anticipated questions
regarding Officer Gomez=s contact with the DA=s office, which the trial court
properly sustained as hearsay.  Hearsay
consists of a statement, other than one made by the declarant
while testifying at trial or a hearing, offered to prove the truth of the
matter asserted. Tex. R. Evid. 801(d); Guidry v. State,
9 S.W.3d 133, 152 (Tex. Crim. App. 1999).  Defense counsel did not make his second
objection until after an answer was given. Smith=s late objection did not preserve
error as to the testimony.  See
Dinkins v. State, 894 S.W.2d 330, 355 (Tex. Crim.
App. 1995) (finding that appellant who made an objection to questions calling
for speculation after witness answered was untimely and appellant waived
error for review by not offering a reason for the delay in objecting); Miles
v. Ford Motor Co., 922 S.W.2d 572, 591 (Tex. App.CTexarkana 1996) (holding objection
made after testimony given is too late), rev=d in part on other grounds, 967 S.W.2d 377 (Tex. 1998).  To cure the admission of the hearsay answer
and preserve error, appellant was required to ask for an instruction that the
jury disregard the answer.  Cureton, 800 S.W.2d at 261 (finding appellant waived
error of admitting evidence of extraneous offense because appellant failed to
make a motion to disregard).  Although
the judge properly sustained the second objection, the hearsay was before the
jury.  Appellant did not follow-up his
sustained objection with a request for an instruction to disregard the
hearsay.  As a result, any complained-of
error in connection with the second objection is also waived.  Tex.
R. App. P. 33.1(a)(1)(A).

b. Legal basis for appellant=s third objection in the trial court

The third objection in this exchange
was for lack of relevance, which was sustained before Officer Gomez
answered.  In this instance, defense
counsel followed up and asked that the jury be instructed to disregard.  The judge refused because the objection was
sustained and no evidence had been given. 








Appellant claims the last
objectionable question inferred that the DA=s
intake office was satisfied that venue had been established.  As such, he argues on appeal that it injected
facts outside the record, and was backdoor hearsay.  However, appellant did not make a hearsay
objection to this question, nor did he urge that it injected new and harmful
facts into evidence before the trial court.  Appellant=s relevancy objection does not permit
appellant to argue new theories, i.e., hearsay or the injection of facts
outside the record, on appeal.  An
objection stating one legal basis may not be used to support a different legal
theory on appeal.  Martinez v. State,
867 S.W.2d 30, 35 (Tex. Crim. App. 1993) (holding
that issues on appeal must correspond to the objection that is raised in the
trial court); Rezac v. State, 782
S.W.2d 869, 870 (Tex. Crim. App. 1990). 
We find appellant waived these complaints on appeal.

Appellant suggests that the jury
should have been instructed to disregard the question because it was
improper.  However, appellant=s
objection was to relevancy; he has not briefed nor has he argued the law
regarding improper, prosecutorial questions calculated to prejudice the
jury.  It is not the proper function of
this Court to create arguments for an appellant.  We are restricted to addressing the arguments
actually raised, not those that might have been raised, or those inadequately
briefed.  Tex. R. App. P. 38.1(h).  Therefore, error regarding the third
objection has also been waived.

c.
Absent waiver, trial court=s
refusal to instruct jury to disregard questions was harmless








Even if this line of questions
presented error for our consideration because the trial court did not ask the
jury to disregard, we would find that it was harmless because it did not affect
appellant=s substantial rights.  Any nonconstitutional
error, defect, irregularity, or variance in a criminal case that does not
affect substantial rights of the defendant must be disregarded. Tex. R. App. P. 44.2(b).  The alleged error here does not rise to the
level of constitutional dimension,[1]
therefore, we must disregard it as long as defendant=s
substantial rights were not affected.  AA
substantial right is affected when the error had a substantial injurious effect
or influence in determining the jury=s verdict.@  King v. State, 953 S.W.2d 266, 271 (Tex. Crim.
App. 1997).  If after reviewing the entire record we have
a fair assurance that the error did not influence the jury, or had only a
slight effect, we may not reverse the conviction.  Johnson v. State,
967 S.W.2d 410, 417 (Tex. Crim. App. 1998).  Here, the jury had substantial evidence from
which it could infer the DA=s office was satisfied that
jurisdictional requirements were met and consequently accepted the charges
against appellant.  At the time the State
asked the question that appellant finds objectionable, Officer Gomez had
already testified he had called the DA=s intake on the November 16, 2001
to have the charges against appellant accepted and filed.  Evidence was already before the jury that the
facts of the assault had been reviewed and the DA=s
office agreed to accept charges if Officer
Gomez could clarify the jurisdiction where the incident occurred. Officer Gomez
had already testified that this was the reason he went to the Smiths=
home the night after the assault.  We
find there were no new facts injected through the question.  A rational jury could infer that charges were
accepted and jurisdiction was clarified for the DA=s
office, because the case was brought to trial, not because the prosecutor asked
an improper question involving backdoor hearsay.  Based on the foregoing, we have a fair
assurance that the objectionable question by the prosecutor did not
substantially influence the jury in convicting appellant or determining venue.

Accordingly, we overrule appellant=s
second issue.

2.         Trial court=s
admission of hearsay testimony about Mrs. Smith=s statements regarding venue

Appellant next complains that the
venue statements Mrs. Smith made the night after the assault were hearsay and
should have been excluded from Officer Gomez=s testimony.  Specifically, appellant complains about the
following colloquy:

Prosecutor: Separate and apart from what the complainant told
you, did you do something on your own investigation?

Gomez: Yes. I did.

Prosecutor: And what was that?

Gomez: I clarified, looking at the key map of the location where it occurred
in the Harris County boundary.

Prosecutor: Now, do you think a diagram or a map of this
particular area would help to explain to the jury where this happened?

Gomez: Yes . . . .








Prosecutor: Now, did you participate in the making of this map?

Gomez: Yes. I did.

Prosecutor: Okay. And could you please show the jury the area in
which the complaining witness said that she had come from?

Gomez: It=s this area right here. FM 1960 at
I-45. 

Prosecutor: And that=s the
pink line?

Gomez: Yes.

Prosecutor: Let the record reflect that the painful [sic] line
is running from East to West. It=s
labeled as FM 1960.

Prosecutor: And did she then tell you what they did when they
left that area?

Gomez: Yes. She drove south on I-45 back to her residence in West University
Place.

Defense Counsel: I would object to that not being part of the excited
utterance. It=s
two days later, Your Honor. 

Court: Overruled.

Prosecutor: Could you please point to the route that she told you
she took home that evening?

Gomez: I-45 South would start here from 1960 going south.

Prosecutor: Let the record reflect that the witness is pointing
to a yellow line goes [sic] in a southerly direction.

The Court: Hold on just a minute.

(Whereupon an
off-the-record discussion was held at the bench.)

Prosecutor: On that evening, you didn=t have a map out for Ms. Smith. Did you? 

Gomez: No.

Prosecutor: This is something you did on your own.

Gomez: Yes.

Prosecutor: Now what route did she tell you she took home on
November 16th?

Defense Counsel: Objection. She asked what route did
she tell him.








Court: As to the form of your question, I=m
sustaining the objection.

Prosecutor: And did she tell you which way she went home?

Gomez: Yes. She did.

Prosecutor: And what way did she tell you she went home?

Gomez: 45 South all the way to her house.

Prosecutor: Okay. And based on your observations and the map,
could you please point to the jury which direction that would be?

Gomez: That would be all the way down 45.

Prosecutor: And could you, also based on your observation and the
map, point to where West University is?

Gomez: That would be this section here in blue. This small
section here.

Although Officer Gomez=s examination was replete with
hearsay; appellant lodged only two objections.  The first objection was made after
Officer Gomez had answered the State=s question; therefore, it was
untimely and is waived.  See Lagrone v. State, 942 S.W.2d 602, 618 (Tex. Crim. App. 1997) (AIf a defendant fails to object until
after an objectionable question has been asked and answered, and he can show no
legitimate reason to justify the delay, his objection is untimely and error is
waived.@). 

The second objection was sustained as
to the form of the question.[2]  However, after the prosecutor rephrased the
question, appellant did not renew his objection and the witness answered.  Because there was no objection to the
rephrased question calling for hearsay, we hold appellant has not preserved
this complaint for our review and has waived any error. 








If error had been preserved, we would
be required to determine whether this error affected appellant=s substantial rights under Texas Rule
of Appellate Procedure 44.2(b).  In the
interests of justice, we will complete the analysis.  The admission of hearsay constitutes nonconstitutional error, and it will be considered harmless
(i.e., not affecting appellant=s substantial rights) if the appellate court, after examining
the record as a whole, is reasonably assured that the error did not influence
the jury=s verdict or had but a slight effect.
 See Johnson, 967 S.W.2d at 417; Booker
v. State, 103 S.W.3d 521, 537 (Tex. App.CFort Worth 2003, no pet h.).  Likewise, the improper admission of evidence
is not reversible error if the same or similar evidence is admitted without
objection at another point in the trial.  E.g., Leday v. State, 983 S.W.2d 713, 718 (Tex. Crim.
App. 1998); Mayes v. State, 816 S.W.2d
79, 88 (Tex. Crim. App. 1991); Anderson v.
State, 717 S.W.2d 622, 626B27 (Tex. Crim. App. 1986).


Here, the same or similar evidence
about where the assault occurred was admitted without objection at several
other points in the trial.  For example,
the following testimony was elicited later during Officer Gomez=s direct examination:

Prosecutor:
Now, you said you needed more details about where the incident occurred. Did
you ask her about that?

Gomez: Yes.
I did.

Prosecutor:
And what did she tell you?

Gomez: She
said that it happened on her way back home, I-45 South from FM 1960. 








Defense counsel made no objection to
this hearsay testimony.  To preserve his
complaint for appellate review, the record must show that Smith made a timely
objection each time objectionable evidence was introduced.  See Tex.
R. App. P. 33.1(a); Janecka v. State,
823 S.W.2d 232, 243B44 (Tex. Crim. App. 1992) (op. on reh=g) (en banc) (reaffirming that the purpose of a timely
specific objection is to allow the trial court to have an opportunity to make a
ruling and correct the complained of error at the time the alleged error was
committed).  Without an objection to the
hearsay question, appellant waived his complaint regarding the answer; the unobjected-to hearsay could be considered by the trier of fact as probative evidence.[3]

Additionally, venue statements made by
Mrs. Smith the night following the assault were cumulative of excited
utterances made the night of the incident. 
Excited utterances are exceptions to the hearsay rule. Tex. R. Evid.
803(2).  To
determine whether a statement qualifies as an excited utterance, (1) the
statement must be the product of a startling occurrence; (2) the declarant must have been dominated by the emotion,
excitement, fear, or pain of the occurrence; and (3) the statement must be
related to the circumstances of the startling occurrence.  Jackson v. State, ___ S.W.3d __, __, 2003
WL 21467071, at *5 (Tex. App.CHouston [14th Dist.] 2003, no pet.
h.) (citations omitted); Couchman,
3 S.W.3d at 159. Courts can also consider whether the statements are
spontaneous or responses to questions and the amount of time that has elapsed
between the startling event and the statement. Moon v. State, 44 S.W.3d
589, 594 (Tex. App.CFort Worth 2001, pet. ref=d).








The evidence indicates that Mrs.
Smith was under the emotional effects of her argument with and physical assault
by appellant when Officer Gomez arrived at the Smiths= home on November 16th.  He testified that Mrs. Smith was visibly
upset, crying, and angry. She had visible injuries to her face and arms. Mrs.
Smith, herself, testified that she was extremely upset when Officer Gomez
arrived at her home.  On that night,
Officer Gomez testified that Mrs. Smith told him the assault happened during a
forty-five minute drive home from a dinner party in Champion Forest off FM 1960
going south on I-45.  It is clear that
her statements to Officer Gomez that first night were made while she was still
under the stress of the assault as she reported it to him and were admissible
as exceptions to the hearsay rule.  See
Moon, 44 S.W.3d at 593B94; Scugoza v. State,
949 S.W.2d 360, 362 (Tex. App.CSan Antonio 1997, no pet.); Couchman, 3 S.W.3d at 159.  Because the hearsay evidence that appellant
complains of was introduced to the jury without objection at another stage of
the trial, any alleged error does not affect the substantial rights of
appellant and therefore should be disregarded under Texas Rules of Appellate
Procedure 44.2(b). 

III.  Conclusion

Appellant=s first issue is overruled because we
find that the State established venue by a preponderance of the evidence and
that the evidence was legally sufficient to support the jury=s finding that the assault occurred
in Harris County.  We overrule appellant=s second and third issues for the
reasons stated.  Accordingly, the
judgment of the trial court is affirmed.

/s/        Eva M. Guzman

Justice

 

Judgment
rendered and Memorandum Opinion filed September 18, 2003.

Panel
consists of Justices Anderson, Seymore, and Guzman.

Do
Not Publish C Tex.
R. App. P. 47.2(b). 











[1]  Constitutional
error under Texas Rules of Appellate Procedure requires reversal of the
conviction or punishment unless the court determines beyond a reasonable doubt
that the error did not contribute to the conviction or punishment.  Tex. R. App. P. 44.2(a).  A constitutional error within the meaning of
Rule 44.2(a) is an error that Adirectly offends the United States Constitution or the
Texas Constitution, without regard to any statute or rule that might also
apply.@  Thompson v.
State, 95 S.W.3d 537, 542 (Tex. App.CHouston [1st Dist.] 2002, no pet.).  It is constitutional error only if the
correct ruling was constitutionally required.  Id.





[2]  Defense
counsel=s objection is not specific, but suggests he is making
a hearsay objection.  The night after the
assault, when Officer Gomez returned to the Smith residence for his follow-up
investigation, Mrs. Smith did not display any attributes such that her
statements could be considered excited utterances, and an exception to the
hearsay rule.  Therefore, we hold that
Officer Gomez=s statement pertaining to statements Mrs. Smith made
the following day about the route she drove home is hearsay.





[3]  Under Rule 802
of the Texas Rules of Evidence inadmissible hearsay which is admitted without
objection will not be denied probative value simply because it is hearsay.  Tex. R.
Evid. 802. 
As a result, unobjected-to inadmissible
hearsay may have probative value.  See Fernandez v. State, 805 S.W.2d
451, 454 (Tex. Crim. App. 1991) (en banc).  The probative value of unobjected‑to
hearsay is considered by the fact finder with the other evidence admitted at
trial.  Fernandez, 805 S.W.2d at 455B56.
It may support a conviction. Id.