IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00345-CR

 

Victor Laverne Burnett,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 40th District Court

Ellis County, Texas

Trial Court No. 29204-CR

 



MEMORANDUM  Opinion



 

Appellant Victor L. Burnett, pro se, filed a
notice of appeal after pleading guilty to the offense of impersonating a public
servant.  Under a plea bargain, Burnett received deferred adjudication
community supervision for five years and a $2,500 fine.  The Trial Court’s
Certification of Defendant’s Right of Appeal, which is signed by Burnett’s
trial counsel, states that “the defendant has waived the right of appeal.”  At
the plea agreement hearing, Burnett testified that he signed a waiver of his
right to appeal and that he did not wish to appeal.  In response to the trial
court, Burnett’s counsel stated that he was satisfied about Burnett’s sanity,
competency, and understanding of the proceedings and the plea agreement
documents that Burnett had signed. 

Burnett’s notice of appeal and docketing statement
indicate that he is challenging venue, stating that the alleged offense did not
occur in Ellis County.  His notice of appeal additionally alleges that he was
under the influence of Librium at the time he entered his guilty plea.

On September 29, 2005, we sent a letter to Burnett
stating that his appeal is subject to dismissal based on the trial court’s
certification.  We stated that “the Court may dismiss this appeal, unless
within 14 days after the date of this letter, we receive a certification
stating that Burnett has a right to appeal or Burnett shows other grounds for
continuing the appeal.”  Burnett’s response asserts that he is appealing to
contest jurisdiction “based on pretrial motions” and that the trial court did
not sign the waiver of appeal.  The State responded with a copy of Burnett’s
waiver of his right to appeal that is signed by the trial court.     

A valid waiver of the right to appeal will
prevent a defendant from appealing without the trial court’s consent, but both
plea-bargaining and non-plea-bargaining defendants can appeal jurisdictional
issues.  Monreal v. State, 99 S.W.3d 615, 620, 622 (Tex. Crim. App.
2003).  Venue, however, is not a jurisdictional issue.  See Braddy v. State,
908 S.W.2d 465, 468 (Tex. App.—Dallas 1995, no pet.) (“‘Venue,’ as applied to
criminal cases, means the place in which the prosecution is to begin.  Venue is
not synonymous with ‘jurisdiction,’ which is the power of the court to hear and
determine the case.” (citations omitted)); see also State v. Blankenship,
170 S.W.3d 676, 681 (Tex. App.—Austin 2005, no pet. h.) (“Venue is distinct from jurisdiction.  The terms are not
synonymous.” (citations omitted)); cf. Fairfield v. State,
610 S.W.2d 771, 778-79 (Tex. Crim. App. [Panel Op.] 1981) (discussing
difference between jurisdiction and venue and affirming trial court’s refusal
to withdraw guilty plea despite substantial fact issue on venue).

The trial court’s certification, the reporter’s record
from the plea hearing, and the signed waiver of the right to appeal all
affirmatively show that Burnett waived his right to appeal, and Burnett did not
receive the trial court’s permission to appeal on issues raised by written
pretrial motions.  Thus, we dismiss this appeal.  See Tex. R. App. P. 25.2(a)(2); Monreal,
99 S.W.3d at 620, 622; Ogden v. State, 134 S.W.3d 487 (Tex. App.—Waco
2004, no pet.); cf. Willis v. State, 121 S.W.3d 400, 403 (Tex.
Crim. App. 2003) (trial court’s subsequent permission to appeal controls over
previous waiver of right to appeal).

 

PER
CURIAM

 

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

Appeal dismissed

Opinion delivered and
filed December 7, 2005

Do not publish 

[CR25]