### DAVID HAYNES V. THE STATE.

No. 20976.· Delivered May 1, 1940.
Rehearing Denied October 16, 1940.

The opinion states the case.

*George S. McCarthy* and *Clem Calhoun,* both of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted in Potter County on a charge of receiving and concealing stolen property and assessed a penalty of two years in the State penitentiary, from which he appeals.

This is a companion case to that of David Ash v. State, No. 20,922, this day decided by the court. (139 Texas Crim. Rep. 420.) Reference is here made to that case for a statement of the nature and result of the case, together with the questions involved.

The facts show that appellant was with David Ash on three or four occasions; that he acted with him in attempting to dispose of the diamond rings which had been stolen. The evidence is in every respect the same until the time that his companion, David Ash, swallowed the rings, which was done in his presence. It therefore results that the recovery of the rings in the manner detailed is admissible against this appellant.

There is no evidence that the appellant stole the rings. The grand jury was unable from its investigation to determine who did, and could not charge the name of the party from whom he received them. The indictment properly alleged that it was from a party unknown to the grand jury. Appellant did not get on the witness stand and testify in his own behalf and made no explanation of the possession of these rings. It is our conclusion, therefore, that the proper charge was laid and that the verdict was returned on proper evidence.

Appellant, by his brief filed in this case, presents that the court committed error in his charge to the jury, but there is no exception to the charge and no bill of exception presenting the matter for review by this court.

The further contention is made that the evidence shows that the witness, Sam Pelts, testified that this appellant received the rings from David Ash and exhibited them to Pelts in an effort to dispose of them; that they were returned by Pelts to David Ash, not to the appellant, and that by reason of this testimony the appellant did not receive the rings from a party unknown and in fact did not himself conceal them. We believe this contention is super-technical. The facts show conclusively that on three or four occasions the appellant acted with his companion, David Ash; that he represented that the rings belonged to his wife; that he was attempting to either borrow money on them or dispose of them for his own benefit. He joined in the conversations, he acted with David Ash and consented by his action to the delivery of the rings to Ash, who placed them in his mouth and swallowed them. The facts are sufficient under the law.

Under the reasoning in the David Ash case, the judgment of the trial court is affirmed.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

The burden of appellant's motion is as follows: "In summary it is contended that the Court erred in affirming the lower court in this cause in that in order to sustain the conviction of receiving stolen property, it is necessary that the State prove beyond a reasonable doubt that the accused received the property in the county of prosecution, if that county of prosecution is in the county where the theft occurred or where the thief had carried same."

Mr. Branch in his Penal Code, page 235, Sec. 450, says: "The merely jurisdictional question of venue need not be proven beyond a reasonable doubt," citing many cases.

Again he says in Sec. 451: "It is not required that venue should be established by direct testimony nor that it should be proved beyond a reasonable doubt. Venue may be proved by circumstantial evidence, as any other fact, and if the evidence be reasonably sufficient to satisfy the jury that the offense was committed in the county alleged, their finding on that issue will not be disturbed on appeal. Deggs v. State, 7 Texas

Crim. App. 359; Hoffman v. State, 12 Texas Crim. App. 406; McGill v. State, 25 Texas Crim. App. 512, 8 S. W. 661; Bowman v. State, 38 Texas Crim. Rep. 14, 41 S. W. 635; Murphree v. State, 55 Texas Crim. Rep. 318, 115 S. W. 1189; Pye v. State, 154 S. W. 222; Reynolds v. State, 160 S. W. 362; Belcher v. State, 161 S. W. 459; Himmelfarb v. State, 174 S. W. 586."

We think the circumstantial testimony sufficient upon which the jury could base their verdict in which they said that these rings were stolen in Carson County by some one unknown to them, as well as unknown to the grand jury, and were then brought into Potter County. That they were there received by appellant and one Ash acting together. It is also conceded by appellant in his brief that there was sufficient testimony to show the acting together of these two parties in the possession of these stolen articles.

The above question of venue being the only one presented to us, under the authorities we think the elements of venue are shown sufficiently to meet the measure of the law.

The motion is overruled.