**Tom Victor MARTIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37199.**

Court of Criminal Appeals of Texas.

Nov. 4, 1964.

Rehearing Denied Dec. 9, 1964.

Second Motion for Rehearing Denied Jan. 13, 1965.

J. E. Jackson, Ruff Wall, Carthage, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The offense is rape; the punishment, life imprisonment in the state penitentiary.

 The state has confessed error in this case for the reason that venue was not proved. Appellant made a motion for an instructed verdict upon the grounds that venue was not proved and made an issue during the trial of the case. Appellant has also brought forward this contention by formal bill of exception. This question is properly before us for review. We agree with the state's position.

The issue having been properly raised in the trial court, we are not permitted to presume that venue was proven as provided in Art. 847, Vernon's Ann.C.C.P.

The judgment is reversed and the cause remanded.

### ON APPELLANT'S MOTION
### FOR REHEARING

DICE, Commissioner.

In our opinion on original submission we reversed the judgment of conviction and remanded the cause for another trial because the state failed to prove venue.

In this motion for rehearing appellant insists that we were in error in failing to order the prosecution dismissed. Appellant insists that because the trial court should have granted his motion for an instructed verdict by reason of the state's failure to prove venue, it is fundamentally unfair for him to again stand trial. He also insists that the question presented is one of jurisdiction, as distinguished from venue.

With such contention we do not agree.

"Venue," as applied to criminal cases, means the place in which prosecutions are to begin, while "jurisdiction" means the power of the court to hear and determine the case, and the terms are not syn-

onymous. Williams v. State, 145 Tex.Cr. R. 536, 170 S.W.2d 482.

The trial court clearly had jurisdiction over the person of appellant and over the subject matter of the case. The state's failure to prove venue did not affect the court's jurisdiction.

Where the question of failure to prove venue is raised before verdict and venue is not shown to have been proved at the trial, the proper order of this court, on appeal, is to reverse and remand the case for another trial. 5 Tex.Jur.2d 724, Sec. 453; Counts v. State, Tex.Cr.App., 15 S.W. 406; Kelley v. State, Tex.Cr.App., 31 S.W. 659; Kinman v. State, Tex.Cr.App., 39 S.W. 574.

The motion for rehearing is overruled.

Opinion approved by the Court.