**Ricky McCOY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 44787.

Court of Criminal Appeals of Texas.

April 5, 1972.

Nelson S. Hargrove, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Jack D. Bodiford, Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for theft of property over the value of fifty dollars. The jury assessed the punishment at two years.

The sufficiency of the evidence is not challenged. Complaint is made because the trial court asked questions of a witness and the jury was made aware that the prosecutor had, in 1965, represented the appellant in another case. Another contention was that venue was not proved.

The indictment alleged the theft of one automobile from Jean Holland. She discovered the automobile to be missing on June 27, 1969, at 5:30 p. m. and notified the police. She had paid $750 for the automobile and had owned it for approximately one year and at the time of the theft, it was worth not less than $500 and definitely over $50.

T. F. McKinney of the Houston Police Department testified that on June 28, he and Officer Baker saw the appellant driving the automobile, which had been reported stolen, on the 3400 block of Blodgett. The appellant drove into a drive-in grocery store and he and two passengers got out. The three men later returned to the automobile and as appellant started to drive away, the officers arrested him.

The appellant testified that he was arrested by the officers in the automobile but that he did not steal it. He stated the night before some friends of his drove up in the automobile to the Casa Loma Club. All of them then went to an all night party, and in the morning he was given permission by one of his friends to drive the automobile just before he was arrested. He also testified that he had been convicted for burglary in 1963 on a plea of guilty.

On cross-examination he testified that he received a probated sentence in 1963 and was later convicted for breaking and entering a coin-operated machine and was represented at that time by Jack Bodiford (the prosecutor in the present case). He also testified that he talked to Pearlie Brown, his friend who had let him drive the automobile and that she refused to come to court.

The records of the prior convictions were introduced.

■ No objection was made to questions by the trial judge of the complaining witness about the value of the automobile nor was there an objection to the testimony that Mr. Bodiford had previously represented the appellant. Absent objections, nothing is presented for review.

■ The question of venue was not raised in the trial court. Article 44.24, Vernon's Ann.C.C.P., provides that this Court shall presume that venue was proved in the court below. If a defendant wishes to raise the question of lack of proof of venue he should raise the issue during the trial of the case. Absent an issue being raised in the trial court, nothing is presented for review. See Harp v. State, 383 S.W.2d 176, and 1 Branch's Ann.P.C.2d, Section 472.

No reversible error has been shown. The judgment is affirmed.