**Archie D. BLACK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 66447.

Court of Criminal Appeals of Texas, En Banc.

Jan. 18, 1983.

Rehearing Denied March 9, 1983.

A.D. Clark, III, Tyler, for appellant.

Hunter B. Brush, Dist. Atty., and Dale Paul Summa, Asst. Dist. Atty., Tyler, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is an appeal from a conviction for possession of marihuana. A plea of not guilty was entered and a trial court found appellant guilty. Punishment was sixty days in the county jail, a $250 fine and court costs.

Four grounds of error have been advanced by the appellant. Due to the disposition of the first ground, discussion of the other grounds is unwarranted at this time. After the State had rested, the appellant made a timely and proper motion for acquittal premised upon the State's failure to prove venue. Appellant contends the trial court erred by denying his motion to acquit.

On July 9, 1979, two police officers of the Tyler Police Department observed appellant along with another man in a crouched position between two buildings. As the officers approached they observed appellant holding a plastic bag which appeared to contain marihuana and cigarette papers. A subsequent search of appellant produced a rolled marihuana cigarette from his pants pocket.

An information was filed charging appellant with the possession of a usable quantity of marihuana. The information alleged the offense occurred "in the County of Smith" as required in all informations by Art. 21.21(5), V.A.C.C.P. Appellant contends that the State failed to prove this element of the offense and without such proof the judgment does not conform to the pleadings and cannot be sustained.

A plea of not guilty puts in issue the allegations of venue, and the State must prove such allegations or a conviction will not be warranted. It is unnecessary for the defendant to put venue in issue by either special plea or negation of the allegation: venue must be proved as alleged. Art. 13.-17, V.A.C.C.P.

Generally it is noted that in criminal cases venue need only be proven by a preponderance of the evidence. Banks v. State, 530 S.W.2d 940 (Tex.Cr.App.1975). Proof of venue must be demonstrated by either direct or circumstantial evidence. Haynes v. State, 140 Tex.Cr.R. 52, 143 S.W.2d 617 (1940).

The record reveals that at trial the State presented testimony of two investigating officers, Ray Staggs and Jackie Ray.

Both testified that they were employed by the Tyler Police Department. Staggs testified that he was "in the twenty-one hundred block of North Alfred that day." Ray testified that he was "on duty" and assisted Staggs in appellant's arrest. Beyond this testimony the record is devoid of either direct or circumstantial evidence relating to venue.

■ As a general rule courts will take judicial notice of the location of a particular town or city and that town or city is the county seat of such county. Ray, Texas Practice, Law of Evidence, Sec. 193 (1980).

> "The Court will take judicial knowledge of the fact that Lubbock is the county seat of Lubbock County, Texas, and proof that the occurrence took place in the City of Lubbock is sufficient to establish jurisdiction [in the County Court of Lubbock County, Texas)." *Moore v. State,* 151 Tex.Cr.R. 542, 209 S.W.2d 192 (1949).

In the instant situation, however, there is no evidence whatsoever connecting the situs of the offense to Smith County, Texas, nor is there any evidence that the offense occurred in the county seat. The only evidence or record relating to venue is that the police officers testified that they worked for the Tyler Police Department. Furthermore, the reference to "Alfred Street" fails to demonstrate where the events took place. In a state the size of Texas it is beyond the pale of reasonability to expect to find only one street bearing such a common name.

When venue is made an issue in the trial court, failure to prove venue in the county of prosecution constitutes reversible error. *Romay v. State,* 442 S.W.2d 399 (Tex.Cr. App.1969). The State having failed to prove venue, the appellant's motion for acquittal was improperly denied.

The judgment is reversed and the cause remanded.

## ON STATE'S MOTION FOR LEAVE TO FILE MOTION FOR REHEARING

ONION, Presiding Judge, dissenting.

The majority denies the State's motion for leave to file motion for rehearing without opinion. Upon re-consideration of the issue involved, I dissent to such action.

On original submission this conviction for possession of marihuana of two ounces or less was reversed for the failure of the State to prove venue in Smith County as alleged. It was held that the trial court had improperly denied the motion for a judgment of acquittal.

The information signed by an assistant criminal district attorney of Smith County was filed in the County Court of Law of Smith County. It alleged the offense occurred on or about July 9, 1979 "in the County of Smith and the State of Texas." The record shows appellant was arrested about 7 p.m. on July 9, 1979. On that same date appellant executed a bail bond approved by a deputy sheriff of Smith County. Appellant signed said bond giving his mailing address as "526 W. Cedar, Tyler, Texas."

At the trial in the County Court at Law of Smith County, Don Ray Staggs testified he was a police officer "for the Tyler Police Department," and that on July 9, 1979, at approximately 7 p.m. he was "on duty with *the* police department" in a marked police vehicle. On that occasion he was "in the twenty-one hundred block of North Alfred" and observed two Negro males in a crouched position behind two buildings. He then detailed the facts leading to appellant's arrest.

Jackie Ray testified he was employed as "a patrolman for the Tyler Police Department." He was "on duty on the 9th day of July, 1979" about 7 p.m. and was on patrol with Officer Staggs. He then detailed appellant's arrest and his search of appellant's person and the finding of a "joint of marihuana." He related he placed the joint in "an envelope from the Tyler Police Department," wrote certain information on the envelope and "placed it in *the* police department property locker." He identified State's Exhibit No. 2 as the envelope in question.

Charles Chandler, vice sergeant with the "Tyler Police Department," testified he re-

moved State's Exhibit No. 2 from the evidence vault and delivered it to a chemist for the Texas Department of Public Safety. The chemist testified the substance in the cigarette or joint was marihuana. The State rested its case, the appellant offered no evidence, and both sides closed.

The appellant then moved for acquittal, inter alia, for the reason "the State has failed to prove as required by law that the offense took place as alleged in the information in Smith County, Texas." [1] The prosecutor did not ask to re-open and call a witness to clarify the venue matter and remove the question once and for all. He asked the court to take judicial notice "that Tyler, Texas, is in Smith County, Texas." The court, apparently without requesting the court reporter to re-read her notes which might bear on the venue question, overruled the motion. Thus, the die was cast for the matter to be decided by the appellate courts without any further assistance at the trial court level.

On appeal, as earlier noted, the cause, on original submission, was reversed for failure of the State to prove venue was in Smith County as alleged.

Article 21.21, V.A.C.C.P. (Requisites of an information) provides in part:

"An information is sufficient if it has the following requisites:

"(1) It shall commence, 'In the name and by authority of the State of Texas';

"(2) * * *

"(5) It must appear that the place where the offense is charged to have been committed is within the jurisdiction of the court where the information is filed; . . .

"(9) * * *."

In *Martin v. State*, 385 S.W.2d 260 (Tex. Cr.App.1964) (opinion on rehearing), this court wrote:

1. There was no evidence or contention that the Tyler police officers were acting outside Smith County.

2. Article 13.17, supra, provides in part:

" 'Venue,' as applied to criminal cases, means the place in which prosecutions are to begin, while 'jurisdiction' means the power of the court to hear and determine the case, and the terms are not synonymous. *Williams v. State*, 145 Tex.Cr.R. 536, 170 S.W.2d 482."

V.T.C.A., Penal Code, § 1.07(a)(13), provides:

"(13) 'Element of offense' means:

"(A) the forbidden conduct;

"(B) the required culpability;

"(C) any required result; and

"(D) the negation of any exception to the offense."

Venue is not of one of the above and is not an element of an offense. See *Edwards v. State*, 427 S.W.2d 629, 636 (Tex.Cr.App. 1968) (opinion on rehearing). Each element of a penal offense must be proved beyond a reasonable doubt. V.T.C.A., Penal Code, § 2.01. On the other hand, venue need only be established by a preponderance of the evidence. Article 13.17, V.A.C.C.P. [2]

Article 44.24(a), V.A.C.C.P., in effect at the time of notice of appeal in the instant case, provides in part:

"(a) The Court of Criminal Appeals shall presume that the venue was proved in the court below; . . . unless such matters were made an issue in the court below, or it otherwise affirmatively appears to the contrary from the record."

It is well established that where no issue of venue was made in the trial court, it is presumed under this statute that venue was proven. *Clark v. State*, 558 S.W.2d 887 (Tex.Cr.App.1977); *Grant v. State*, 507 S.W.2d 732 (Tex.Cr.App.1974); *Vasquez v. State*, 491 S.W.2d 173 (Tex.Cr.App.1973); *McCoy v. State*, 478 S.W.2d 480 (Tex.Cr. App.1972).

The reviewing court is not permitted to presume that venue was proven if the defendant has properly raised the issue in the

" . . . To sustain the allegation of venue, it shall only be necessary to prove by the preponderance of the evidence that by reason of facts in the case, the county where such prosecution is carried on has venue."

trial court. *Martin v. State,* 385 S.W.2d 260 (Tex.Cr.App.1964). In *Martin* the issue was raised by a motion for an instructed verdict of not guilty. In the instant case, a bench trial, the issue was raised by a motion for a judgment of acquittal. This court cannot presume that venue was proven. This court must review the record to determine if venue was sufficiently proven.

As noted earlier, venue in a criminal case need not be proven beyond a reasonable doubt but only by a preponderance of evidence. *Banks v. State,* 530 S.W.2d 940 (Tex.Cr.App.1975); *Hignite v. State,* 522 S.W.2d 210 (Tex.Cr.App.1975); *Grant v. State,* 507 S.W.2d 732 (Tex.Cr.App.1974); *Esquivel v. State,* 506 S.W.2d 613 (Tex.Cr. App.1974); *Harden v. State,* 417 S.W.2d 170 (Tex.Cr.App.1967); *Rippee v. State,* 384 S.W.2d 717 (Tex.Cr.App.1964). This burden of proof may be met by either circumstantial or direct evidence. *Haynes v. State,* 140 Tex.Cr.R. 52, 143 S.W.2d 617 (Tex.Cr. App.1940); *Curtis v. State,* 167 Tex.Cr.R. 536, 321 S.W.2d 587 (Tex.Cr.App.1959); *Rippee v. State,* supra; *Edwards v. State,* supra; also Article 13.17, supra, note 11.

It has been repeatedly held that the evidence as to venue is sufficient if the jury may reasonably conclude from it that the offense was committed in the county alleged. *Haynes v. State,* supra; *Curtis v. State,* supra; *Rippee v. State,* supra; *Edwards v. State,* supra. There would be no reason why this latter rule would not be equally applicable where the judge is the trier of the facts.

Further, judicial notice may be considered as a general rule that courts will take judicial notice of the location of a particular city or town, and that city or town is the county seat of such county. Ray, Texas Practice, Law of Evidence, § 193 (1980). In *Moore v. State,* 151 Tex. Cr.R. 542, 209 S.W.2d 192 (Tex.Cr.App. 1948), it was held permissible for the court to take judicial knowledge that Lubbock is the county seat of Lubbock County. In *Monford v. State,* 35 Tex.Cr.R. 537, 33 S.W. 351 (1896), it was held that judicial notice could be taken that the city of Galveston is in Galveston County.

In the instant case, the trial judge could take judicial notice that Tyler was a city in and was the county seat of Smith County, the county where the offense was alleged to have occurred. Officers of the Tyler Police Department were on duty for said department and on patrol on July 9, 1979, about 7 p.m. when they arrested appellant in the 2100 block of North Alfred.[3] The marihuana cigarette or joint found on appellant was put in a Tyler Police Department envelope and placed in that police department evidence locker. It was removed from the locker by another Tyler Police Department officer and delivered to a chemist. I would hold that the evidence as to venue was sufficient so that the trial judge could reasonably conclude that the offense was committed in Smith County.

I dissent to the denial of the State's motion for leave to file a motion for rehearing.

McCORMICK, J., joins this opinion.

---

**3.** In civil cases it has been held that a district court located in a city which extended into three counties properly took judicial notice on plea of privilege hearing with respect to action against corporation, that a particular street address, which was the address of the corporation's registered office and which was within 13 blocks of the courthouse, was in Harris County. *Evans Assoc. Industries, Inc. v. Evans,* 493 S.W.2d 547 (1st Houston Court of Civil Appeals —1973).

In *Harper v. Killion,* 162 Tex. 481, 348 S.W.2d 521 (1961), the Texas Supreme Court held that a district court could take judicial notice that the entire city of Jacksonville was located in Cherokee County, even though it was not formally requested to do so, and it did not formally announce it was doing so.

While it does not appear that this civil law rule has been applied in Texas criminal cases, it probably should be. In *Dooley v. State,* 82 Okl.Cr. 243, 168 P.2d 651 (1946), the Criminal Court of Appeals of Oklahoma took judicial knowledge of the fact that 408 North Johnstone in the city of Bartlesville was in Washington County.