NO. 12-01-00220-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


COLBY DUKE ELLIS,
§
 APPEAL FROM THE SECOND

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 CHEROKEE COUNTY, TEXAS

 

 Colby Duke Ellis ("Appellant") appeals his conviction for aggravated sexual assault, for
which he was sentenced to imprisonment for forty-five years. Appellant raises three issues on
appeal. We affirm.

 

Background

 Appellant was indicted for aggravated sexual assault. The complainant, ("D.H.") testified
as to the events making up her complaint. (1) Appellant was making repairs to D.H.'s truck in
Troup, Texas. On May 17, Appellant drove to Jacksonville, Texas to pick D.H. up and take her
to Troup to get her truck. From Jacksonville, the two drove north on Highway 69 toward Tyler,
Texas. Appellant turned off the highway near a place called "Love's Lookout," turned again
down a small dirt road, and continued on a series of dirt roads unfamiliar to D.H. The two
ultimately emerged at Highway 135. However, instead of turning left on Highway 135 toward
Troup, Appellant turned right on Highway 135, and drove away from Troup. 

 At this point, D.H. asked Appellant to take her home because she was scared. Appellant
turned left off of Highway 135 onto another dirt road, crossed a railroad track, and continued
down another series of dirt roads. Appellant then stopped the truck and told D.H. to perform oral
sex on him. D.H. refused, exited the truck and ran away. Appellant pursued D.H. in the truck.
Appellant caught up to D.H., convinced her to get back into the truck and told her that he would
take her to Troup. D.H. complied, but after Appellant turned down another dirt road, D.H. again
exited the truck, feeling that Appellant was being dishonest.

 Appellant exited the truck as well and grabbed D.H., forcing her onto the bed of the
truck. Appellant began to undress D.H., but she resisted. Ultimately, Appellant overcame
D.H.'s resistance and engaged in sexual intercourse with her. Afterwards, Appellant and D.H.
got back into the truck. D.H. testified that Appellant told her that if she went to the authorities,
he would have D.H. and her family killed within seven days. Appellant then drove D.H. to
retrieve her truck from Appellant's mother's house. Having retrieved her truck, D.H. drove
herself to the hospital, told them that she had been sexually assaulted, and underwent an
examination. 

 Tammy Ford ("Ford"), the nurse who examined D.H., testified that D.H. had minor
trauma to her genital area consisting of a three-centimeter tear to the posterior forchette. Ford
further testified that such an injury was consistent with D.H.'s account of the events.

 Appellant called two witnesses to testify in his defense. Angie Ellis ("Ellis"), Appellant's
mother, testified that when Appellant and D.H. arrived at her house, Appellant opened the door
of D.H.'s truck, D.H. got in, they spoke for a moment, and D.H. left. Ellis further testified that,
at this time, both were laughing and appeared happy. Hal Burge ("Burge") testified that D.H.
had a can of mace with her at the time of the incident that she could have used to defend herself. 
Burge further testified that D.H. had filed assault charges against him in the past, which were
false and that she had a reputation for not being truthful. Ultimately, the jury found Appellant
guilty as charged and assessed Appellant's punishment as imprisonment for forty-five years.


Factual Sufficiency

 In determining factual sufficiency, we first assume that the evidence is legally sufficient
under the Jackson (2) standard. See Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 
We then consider all of the evidence in the record related to Appellant's sufficiency challenge,
not just the evidence which supports the verdict. Id. We review the evidence weighed by the
jury which tends to prove the existence of the fact in dispute, and compare it to the evidence
which tends to disprove that fact. See Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1997). We may disagree with the jury's determination, even if probative evidence exists which
supports the verdict. See Clewis, 922 S.W.2d at 133. However, our evaluation should not
substantially intrude upon the jury's role as the sole judge of the weight and credibility of witness
testimony. See Santellan, 939 S.W.2d at 164. Where there is conflicting evidence, the jury's
verdict on such matters is generally regarded as conclusive. See VanZandt v. State, 932 S.W.2d
88, 96 (Tex. App.-El Paso 1996, pet. ref'd). Ultimately, we must ask whether a neutral review
of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so
obviously weak as to undermine confidence in the jury's determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000). A verdict will be set aside only if a finding of guilt
beyond a reasonable doubt is clearly wrong and unjust. See Clewis, 922 S.W.2d at 134.

 In the case at hand, Appellant was charged with aggravated sexual assault, which required
the State of Texas (the "State") to prove that Appellant (1) intentionally or knowingly, (2) caused
the penetration of the female sexual organ of another person by any means, (3) without that other
person's consent, and (4) by acts or words occurring in the presence of that other person,
threatened to cause the death, serious bodily injury, or kidnaping of any person. See Tex. Pen.
Code Ann. § 22.021(a)(1)(A)(i) and (2)(iii) (Vernon Supp. 2002). In his first issue, Appellant
argues that the evidence is factually insufficient to support the jury's verdict. We disagree.

 D.H. testified that Appellant forced her into the back of his truck and penetrated her
vagina with his penis. D.H. further testified that she tried to fight Appellant off, but was
unsuccessful. Moreover, D.H. testified that Appellant told her that if she went to the authorities,
he would have D.H. and her family killed within seven days.

 Appellant contends that there was no evidence on D.H.'s body indicating a struggle,
except bruises that appeared days later. Moreover, Appellant argues that there was no evidence
of dirt on D.H.'s clothes, which he contends should be expected in a case where a person was
forced down into the bed of a pickup truck that had been driven along a dirt road. Finally,
Appellant argues that there is no evidence of D.H.'s telling Appellant "no" during the sexual
intercourse, if any, that occurred in the truck bed. 

 The issue in a sexual assault case is not whether the victim resisted the defendant but
whether the defendant compelled the victim to submit or participate. See Wisdom v. State, 708
S.W.2d 840, 842-43 (Tex. Crim. App. 1986). We conclude that by relying on D.H.'s testimony
that she fought Appellant off, but was unsuccessful, the jury could reasonably find beyond a
reasonable doubt that D.H. did not consent to sexual intercourse with Appellant, but rather was
compelled to submit by Appellant's forceful conduct. The State was not required to prove that
D.H. suffered injury or that her clothes were soiled. See Tex. Pen. Code Ann. § 22.021(a). We
iterate that our evaluation should not substantially intrude upon the jury's role as the sole judge
of the weight and credibility of witness testimony, see Santellan, 939 S.W.2d at 164, and where
there is conflicting evidence, the jury's verdict on such matters is generally regarded as
conclusive. See VanZandt, 932 S.W.2d at 96. Neither the evidence cited by Appellant in his
brief nor any other evidence of record, including the testimony of Ellis and Burge, is of such
character so as to undermine our confidence in the jury's verdict. Therefore, we hold that the
evidence was factually sufficient to support the jury's verdict of guilt. Appellant's first issue is
overruled.


Venue


 In his second and third issues, Appellant argues that the evidence is insufficient to support
the allegation in the indictment that the incident took place in Cherokee County, Texas. A plea of
"not guilty" puts in issue the allegations of venue, and the State must prove such allegations or a
conviction will not be warranted. Black v. State, 645 S.W.2d 789, 790 (Tex. Crim. App. 1983).
However, to sustain the allegation of venue, it is only necessary for the State to prove venue by a
preponderance of the evidence. See Tex. Code Crim. Proc. Ann. art. 13.17 (Vernon 1977). 
Moreover, venue may be proved by either direct or circumstantial evidence. See Black, 645 S.W.2d
at 790. Further, in cases involving sexual assault, venue is proper "in the county in which the
sexual assault is committed, in the county in which the victim is abducted, or in any county through
or into which the victim is transported in the course of the abduction and sexual assault." Tex.
Code Crim. Proc. Ann. art. 13.15 (Vernon Supp. 2002). The evidence is sufficient to establish
venue "if from the evidence the jury may reasonably conclude that the offense was committed in
the county alleged." Rippee v. State, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964); Couchman
v. State, 3 S.W.3d 155, 161 (Tex. App.-Fort Worth 1999, pet. ref'd).

 In the instant case, Cherokee County Sheriff's Deputy Johnathan Hughes ("Hughes")
testified that based on his interview with D.H., he believed that the assault had taken place in
Cherokee County, although on cross-examination, Hughes admitted that it was a possibility that the
sexual assault could have occurred in Smith County. Moreover, the record reflects that Appellant
and D.H. drove from Jacksonville to Love's Lookout, both of which are undisputedly in Cherokee
County. Hughes testified that most of Highway 135 between Jacksonville and Troup is in Cherokee
County and that the Smith County line is only approximately one-half mile to a mile outside of
Troup on Highway 135. The record reflects that after turning down a road past Love's Lookout,
Appellant turned to the right on Highway 135, and drove away from Troup. At this point, the
record reflects that Appellant turned off of Highway 135 and sexually assaulted D.H. soon
thereafter.

 Appellant does not cite to any evidence of record indicating that the sexual assault occurred
in Smith County, nor does our review of the record as a whole reveal any such evidence. To the
contrary, the record reflects that at two of the three discernable locales on the route taken by
Appellant prior to the sexual assault were undisputably located in Cherokee County. As for the
third discernable locale, Highway 135, the record reflects that only a small portion of that roadway
between Troup and Jacksonville lies within Smith County, and that Appellant took a right turn and
drove in the opposite direction from Troup. As such, noting that the State must only prove venue
by a preponderance of the evidence, we hold that from this evidence the jury could have reasonably
concluded that the offense was committed in Cherokee County as alleged. Appellant's second and
third issues are overruled.

 Accordingly, the judgment of the trial court is affirmed.




 JIM WORTHEN 

 Justice


Opinion delivered September 18, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.




























(DO NOT PUBLISH)
1. In his brief, Appellant's statement of facts with regard to the events alleged in the complaint is almost
completely reliant upon D.H.'s testimony. However, since Appellant raises arguments concerning evidentiary
sufficiency, we note that some of these facts will be contested, as set forth in greater detail herein.
2. Jackson v. Virginia, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979).