

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-10-00318-CR

DALE CROCKETT     APPELLANT

V.

THE STATE OF TEXAS     STATE

----------

### FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

----------

### MEMORANDUM OPINION[1]

----------

Appellant Dale Crockett appeals his conviction for evading arrest or detention using a vehicle.[2] In one issue, appellant contends that the trial court erred by denying his motion for a directed verdict because the State failed to prove venue. We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Penal Code Ann. § 38.04(a), (b)(1)(B) (West 2011) (stating that a defendant commits a state jail felony when the defendant uses a vehicle to intentionally flee from a person that the defendant knows is a police officer).

## Background Facts

While working in the east side of Fort Worth, Officer D.L. Collins noticed an unfamiliar blue pickup truck outside of 3520 Avenue N, which was a residence located in his beat. During the four years that he had worked in that area, Officer Collins had responded to various calls at that house. Seeing the unfamiliar truck, Officer Collins drove down the street and parked on a corner where he could watch the house and the truck. After a few minutes, appellant, who was driving the truck, backed out of the driveway, went down the street, and turned southbound on Campbell Street. While making the turn, appellant failed to use his turn signal. After seeing this traffic violation, Officer Collins began following the truck.

Prior to turning onto Campbell Street, Officer Collins was less than a block away from the truck; however, after making the turn, the truck had traveled double the distance and was already two blocks away. Around that time, Officer Collins turned on his lights, but appellant did not stop. After pursuing appellant for several blocks, Officer Collins noticed a "big black puff of smoke [come] out of the [truck's] tailpipe, as if [appellant] had just punched the accelerator." Officer Collins initiated his siren and attempted to catch up with the truck; however, appellant failed to yield. The chase ended after appellant lost control of his truck while rounding a corner; it appeared at the time that the engine had died. According to Officer Collins, appellant said, "I guess you got me."

A grand jury indicted appellant for evading arrest or detention in a vehicle. At the jury trial, after both parties rested, appellant moved for a directed verdict of not guilty on the ground that there was no evidence that the offense occurred in Tarrant County. The trial court denied appellant's motion. After hearing the parties' closing arguments, the jury found appellant guilty, and the trial court sentenced him to serve one year in a state jail. Appellant brought this appeal.

**The State Established Venue in Tarrant County**

In his sole issue, appellant contends that the trial court erred by denying his motion for a directed verdict because the State failed to prove that the offense occurred in Tarrant County. We consider this issue as a challenge to the sufficiency of the evidence. *See Canales v. State*, 98 S.W.3d 690, 693 (Tex. Crim. App.), *cert. denied*, 540 U.S. 1051 (2003).

"To sustain the allegation of venue, it shall only be necessary to prove by the preponderance of the evidence that by reason of the facts in the case, the county where such prosecution is carried on has venue." Tex. Code Crim. Proc. Ann. art. 13.17 (West 2005); *Rippee v. State*, 384 S.W.2d 717, 718 (Tex. Crim. App. 1964) (explaining that a venue determination will be upheld "if from the evidence the jury may reasonably conclude that the offense was committed in the county alleged"); *Rangel v. State*, 199 S.W.3d 523, 537 (Tex. App.—Fort Worth 2006) (stating same), *pet. dism'd, improvidently granted*, 250 S.W.3d 96 (Tex. Crim. App. 2008).

Proof of venue may comprise direct or circumstantial evidence. *Couchman v. State*, 3 S.W.3d 155, 161 (Tex. App.—Fort Worth 1999, pet. ref'd*)*; *Knabe v. State*, 836 S.W.2d 837, 839 (Tex. App.—Fort Worth 1992, pet. ref'd). Furthermore, for the purpose of determining venue, the trier of fact may draw reasonable inferences from the evidence. *Couchman*, 3 S.W.3d at 161.

To contend that the State failed to prove venue, appellant relies in part on the court of criminal appeals's decision in *Black v. State*, 645 S.W.2d 789, 790–91 (Tex. Crim. App. 1983). In *Black*, Tyler police officers had found the defendant crouched down between buildings and holding a plastic bag containing marijuana. *Id.* at 790. The State charged that the offense occurred "in the County of Smith," and the trial court found the defendant guilty and assessed punishment at sixty days in jail. *Id.* On appeal, the defendant contended that the State had failed to prove venue. *Id.* The evidence produced at trial had consisted of testimony by two officers who stated that they were employed by the Tyler Police Department and that they were "in the twenty-one hundred block of North Alfred that day." *Id.* at 790–91. The court of criminal appeals held that this was "no evidence whatsoever connecting the situs of the offense to Smith County, Texas." *Id.* at 791.

The evidence in this case exceeds the evidence in *Black*, which basically amounted only to the fact that Black was arrested by Tyler police officers. Here, not only was appellant arrested by Fort Worth police officers, but Officer Collins testified that he was assigned to the "east side of Fort Worth" and that on the

4

morning of the offense, he was actively patrolling his beat.[3]  Officer Collins said that 3520 Avenue N (the house where he first saw the unfamiliar truck) was part of his beat.  He then specifically affirmed that Avenue N is in Tarrant County.

Also, the State introduced an exhibit that showed an aerial view of the area on Officer Collins's beat.[4]  In responding to the State's questions, Officer Collins was able to recount the pursuit of appellant while making several references to the exhibit:

> *Q.* . . .  Now, this first yellow flag here, is this the house at Avenue N?
>
> *A.* Yes, it is.
>
> *Q.* Can we even see on this map where you were when you first saw the truck?
>
> *A.* When I first saw the truck, it was as I was driving eastbound on Avenue N, right by the residence.
>
> . . . .
>
> *Q.* What happened next?
>
> *A.* The truck came down -- can y'all see?  The truck came down southbound on Campbell.  There is a stop sign.  This is North Little John.  This is South Little John.  Then they come up here and that becomes actual Little John.
>
> . . . .

---

[3]Officer Collins described his beat as "Henry 112," which is the "Polytechnic area."

[4]The exhibit, in conjunction with Officer Collins's testimony, makes clear that the chase, which started on the east side of Fort Worth, went west.  It is likely, therefore, that the chase did not leave the Fort Worth boundary.

*Q.* What happened after that?

*A.* I was believing at that point that he was trying to elude me, so I picked up my speed. As I came around the corner, already had the lights on, as came around the corner, saw the truck -- this is a hill that goes down right here. As he was going through this curve, a big black puff of smoke came out of the tailpipe, as if he had just punched the accelerator. At that point I initiated the siren and attempted to -- to catch up to the vehicle.

. . . .

*Q.* What happened next?

*A.* He was almost sideways at this point. . . . And then he immediately turned onto this Bunch Hill road[5] and came to a stop in this area. When he turned onto Bunch Hill, again his rear-end came around on him. And then, apparently, the truck died at that point.

Because Officer Collins's testimony linked the chase of appellant to an exhibit that showed his beat, and because Officer Collins had already testified that his beat was in Fort Worth and Tarrant County (at least in part), a rational trier of fact could have reasonably concluded that appellant was evading arrest or detention by using a vehicle in Tarrant County.[6] *Cf. Lopez v. State*, 01-10-00543-CR, 2011 WL 2624012, at *5 & n.4 (Tex. App.—Houston [1st Dist.] June 30, 2011, pet. filed) (mem. op., not designated for publication) (holding that, along with other facts, a victim's identification on an aerial map of where she was sexually assaulted constituted sufficient evidence to prove venue); *see also Edwards v. State*, 97 S.W.3d 279, 286 (Tex. App.—Houston [14th Dist.] 2003,

[5]The aerial map admitted by the trial court refers to this road as "Burchill."

[6]We note that there is no evidence in the record indicating that Officer Collins's chase of appellant crossed the Tarrant County boundary.

6

pet. ref'd) ("Where venue is sought to be established by someone in a moving vehicle, specific points of reference and measurable passages of time can establish the offense occurred in the State's proffered county."). We therefore uphold the trial court's determination that the State satisfied its burden to prove venue by a preponderance of the evidence. We overrule appellant's sole issue.

## Conclusion

Having overruled appellant's issue, we affirm the trial court's judgment.

PER CURIAM

PANEL: LIVINGSTON, C.J.; MEIER and GABRIEL, JJ.

GABRIEL, J. concurs without opinion.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 18, 2011