**Affirmed and Opinion filed October 20, 2011.**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-11-00237-CR**

_____

**MINA PAKRAVESH DOWLATSHAHI, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the County Criminal Court at Law No. 8**
**Harris County, Texas**
**Trial Court Cause No. 1691208**

---

## MEMORANDUM OPINION

A jury convicted appellant of theft.  On February 22, 2011, the trial court sentenced appellant to confinement for one year in the county jail and assessed a $4,000 fine.  The trial court suspended appellant's sentence and placed her on community supervision for two years.

In a single issue, appellant complains the evidence is legally insufficient to support her conviction because the State failed to prove venue.  A plea of "not guilty" puts in issue the allegations of venue in the indictment, and the State must prove the venue allegations or a conviction will not be warranted. *Black v. State,* 645 S.W.2d 789, 790 (Tex. Crim.

App.1983). We presume that venue was proven in the trial court unless it was disputed during the trial. Tex. R. App. P. 44.2(c)(1). Here, appellant moved for a directed verdict on the grounds the State failed to prove the offense occurred in Harris County which rebuts the presumption.[1]

The State bears the burden of proving venue by a preponderance of the evidence through direct or circumstantial evidence. *See* Tex. Code Crim. Proc. Ann. art. 13.17 (Vernon 2005); and *Blacke,* 645 S.W.2d at 790. The evidence is sufficient to establish venue if the jury may reasonably conclude the offense was committed in the county alleged. *Rippe v. State,* 384 S.W.2d 717, 718 (Tex. Crim. App.1964).

Under Texas Rule of Evidence 201, this Court may take judicial notice of an adjudicative fact that is "not subject to reasonable dispute in that it is either 1) generally known within the territorial jurisdiction of the trial court or 2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Tex. R. Evid. 201. *See also Sixta v. State,* 875 S.W.2d 17, 18 (Tex. App. - Houston [1st Dist.] 1994, pet. ref'd). Testimony at trial established the theft occurred at the Macy's department store located in Memorial City Mall. A portion of a map of Houston, Texas, was introduced that shows Memorial City Mall is located west of Interstate 610 and south of Interstate 10. Another map, of 900 Gessner, Houston, was admitted into evidence and shows the mall is south of Interstate 10 and near streets Strey Lane, Memorial City Way, and Barryknoll Lane. From these facts, we take judicial notice that Memorial City Mall is located in Houston, Texas.

---

[1] The motion for directed verdict was made after the State rested. The trial court then took judicial notice that Houston is in Harris County, Texas, and denied the motion. As appellant correctly points out, the jury was not present.

We may also take judicial notice that a city is located within a particular county. *See, e.g., Watts v. State,* 99 S.W.3d 604, 610 (Tex. Crim. App. 2003) (finding the court may take judicial notice that the City of Austin is located in Travis County). Parties may dispute whether the offense occurred in a particular city but not whether a city is located within a particular county. *Id.* at 610. To insist that a party prove such a readily ascertainable fact would waste limited judicial resources and defy common sense. *Id.* Therefore, we take judicial notice that Houston is located within Harris County, Texas.

For these reasons, we find that a rational trier of fact could have found that this offense occurred in Harris County, Texas. We overrule appellant's sole issue and affirm the trial court's judgment.

PER CURIAM

Panel consists of Justices Brown, Boyce, and McCally.
Do Not Publish — TEX. R. APP. P. 47.2(b).

3