

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00176-CR

OUSMANE WANGARE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the Criminal District Court 2
Tarrant County, Texas
Trial Court No. 1282179D, Honorable Wayne F. Salvant, Presiding

January 7, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Ousmane Wangare was convicted of aggravated sexual assault and sentenced to forty-five years confinement. He contends the evidence is insufficient to establish venue in Tarrant County. We disagree and affirm the judgment.

The State has the burden to prove venue is proper in the county of prosecution. *Black v. State*, 645 S.W.2d 789, 790-91 (Tex. Crim. App. 1983), *overruled on other grounds by Schmutz v. State*, 440 S.W.3d 29 (Tex. Crim. App. 2014). To sustain an allegation of venue, it must only be proved by a preponderance of the evidence. TEX.

CODE CRIM. PROC. ANN. art. 13.17 (West 2005). Sexual assault may be prosecuted in the county in which it is committed, in the county in which the victim is abducted, or in any county through or into which the victim is transported in the course of the abduction and sexual assault. *Id.* art. 13.15. The State alleged in the indictment that appellant caused the penetration of the mouth of the complainant by his sexual organ on May 6, 2012, in Tarrant County.

The evidence at trial showed that the complainant and her boyfriend were accosted by appellant and two other men in Arlington, Texas, in Tarrant County. The men attempted to rob them but the complainant and her boyfriend had very little money. The complainant offered the boyfriend's car to the men. Both victims were driven by the men to where the vehicle was located. Appellant then forced the complainant into the boyfriend's car and drove her by himself to Dallas.[1] Along the way, he compelled her to perform oral sex on him. The record is not clear as to the exact location of the charged offense. However, article 13.15 would permit venue in Tarrant County as the site in which she was abducted and transported in part, and this is the venue provision upon which the jury was charged. Nevertheless, appellant appears to contend that article 13.15 does not apply in this instance because the initial abduction was not sexually motivated but occurred as part of a robbery.

Appellant cites no authority for the proposition that his intent at the time of the abduction controls. Moreover, the venue statute says nothing about the accused's *mens rea* at the time of the abduction. It simply refers to the county in which the abduction occurred, and that was Tarrant. To write into the statute a requirement that the accused intended to rape at the point of abduction would be tantamount to our

---

[1] The other two men took the boyfriend with them in another vehicle.

usurping legislative prerogative. We will not write into the statute criteria the legislature omitted from it.

Accordingly, the judgment is affirmed.


Brian Quinn
Chief Justice

Do not publish.