*112·15*

ORIGINAL

No. PD-0112-15

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

FROM THE
SEVENTH DISTRICT COURT OF APPEALS
AMARILLO, TEXAS
No. 07-14-00176-CR

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 0 1 2015

Abel Acosta, Clerk

OUSMANE WANGARE
PETITIONER

VS

FILED IN
COURT OF CRIMINAL APPEALS

APR 0 1 2015

Abel Acosta, Clerk

RESPONDENT
STATE OF TEXAS

PETITION FOR DISCRETIONARY REVIEW

PRO SE

Ousmane Wangare
Robertson # 1920786
12071   FM   3522
Abilene, TX. 79601

# TABLE OF CONTENTS

**SUBJECT MATTER**                                           **PAGE NUMBER**

Index of Authorities              . . . . . . . . . .              ii

Statement Regarding Oral Argument      . . . . . . . . . .              iii

Statement of the Case             . . . . . . . . . .              iv

Statement of Procedural History        . . . . . . . . . .              v


**GROUND FOR REVIEW:**

**1.** The Court of Appeals Erred in affirming the con-
viction based upon sufficient evidence to  establish
venue in the aggravated sexual assault charge. . . . . .              1

Argument and Authorities                . . . . . . . . .              2

Prayer for Relief                       . . . . . . . . .              END

Appendix containing the appellate opinion . . . . . . . .              A

# INDEX OF AUTHORITIES

**THE LAW**                                                    **PAGE NUMBER**

Black-v-State , 645 Sw.2d 789, 790-91 (Tex.Crim.App. 1983).....        6

Fairfield-v-State, 610 SW.2d 771, 779 (Tex.Crim.App. 1981).......        3

Rippee-v-State, 384 Sw.2d 717, 718 (Tex.Crim.App. 1964)..........       3-4

Smith-v-United States, 79 S.Ct. 991, 360 U.S. 1, 3 L.Ed.2d 1041
(1955)..................................................................       5,6

Sudds-v-State, 140 Sw.3d 813, 816 (Tex.App. Houston [14th dist.]
2004, no pet.)..........................................................        4

**STATIUE:**

Article 13.15, Tex.C.C.P......................... 2.3.5.6.7

**RULE:**

66.3(c), Tex.R.A.P....................................        1,2

66.3(d), Tex.R.A.P....................................        1,2

## STATEMENT REGARDING ORAL ARGUMENT

Petitioner-appellant is a prisoner proceeding pro se and thus is not available nor qualified to present oral arguments, even though he urges that the venue issue merits oral presentation to clarify the decisional law of **Black-v-State**, 645 Sw.2d 789, 790-791 (Tex. Crim. App. 1983, overruled on other grounds by **Schmutz-v-State**, 440 SW.3d 29 (Tex. Crim. App. 2014; as it applies to **article 13.15**, TEX. CODE CRIM. PROC. ANN. (West 2005). Thank you.

# STATEMENT OF THE CASE

Petitioner-appellant was charged by indictment with the offense of Aggravated Sexual Assault [CR. 8; 3 RR. 6-8, 189-90]. A plea of not guilty was entered before a jury [3 RR. 8; 190]. The State's evidence showed that the complainant and her boyfriend were abducted during a robbery and placed into separate cars. In which the cars traveled across county lines within the State of Texas. Petitioner was driving one of the two cars, alone with the complainant who was an adult. She lodged a complaint against petitioner that while driving through and across county lines had forced her to perform oral sex on him. Thus, her testimony alone was the single piece of evidence that convicted petitioner of the crime charged.

The jury found petitioner guilty as charged in the indictment [CR. 164; 5 RR. 23]. After a [PSI] presentence investigation report was generated the judge sentenced petitioner-appellant to forty-five [45] years in the Texas Department of Criminal Justice. An appeal was persued and perfected. The court of appeals disagreed with the sole ground of error raised and affirmed the conviction.

After one extension of time this petition was timely filed.

## STATEMENT OF THE PROCEDURAL HISTORY

[1] The complainant lodged her complaint of having been abducted in a robbery that allegedly occured in Tarrant County, Texas, and in the midst of the abduction she claimed petitioner-appellant forced her to commit oral sex;

[2] The State chose not to persue any robbery charge against petibioner nor any kidnapping but rabher chose to merely persue the alleged aggravated sexual assault complaint;

[3] A Tarrant County, Texas, jury was impaneled, and returned a verdict of guilty as charged in the indictment [CR. 8, 164; RR. 6-8, Vol. 3; 189-190, Vol. 3; and 23 at Vol. 5];

[4] Petitioner-appellant elected for the trial court Judge to sentence him and after a [PSI] presentence inœestigation was conducted the Judge sentenced petitioner to forty-five [45] years in the Texas Department of Criminal Justice;

[5] An appeal was perfected to the Seventh District Court of Appeals at Amarillo, Texas, in No. 07-14-00176-CR. On January 7, 2015, in an unpublished opinion the court of appeals affirmed the conviction;

[6] After one motion for extension to file [PDR] petition for discretionary review this Texas Court of Criminal Appeals timely received the instant petition.

No. PD-0112-15

IN THE
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS

---

OUSMANE WANGARE
PETITIONER

VS

RESPONDENT
THE STATE OF TEXAS

---

PETITION FOR DISCRETIONARY REVIEW

---

**TO THE HONORABLE JUDGES:**

**COMES NOW,** the above named petitioner, acting in his own be-
half, respectfully submitting his [PDR] petition for discretionary
review. Tex. R. App. Proc. 66.3(c) & (d).

**IN SUPPORT THEREOF,** petitioner-appellant would show the
Court:

### REASON FOR REVIEW

The Court of Appeals has decided an important question
of State Law in conflict with this Court's decisions
and apparently misconstrued the application of TEX.
CODE CRIM. PROC. ANN. article 13.15, to the instant
ground for review.

**IN THAT,**

-1-

## GROUND FOR REVIEW
### [restated]

**[1]** The Court of Appeals Erred in affirming the conviction based upon sufficient evidence to establish venue in the aggravated sexual assault charge.

## ARGUMENT AND AUTHORITIES

Pursuant to Texas Rules of Appellate Procedure 66.3(c) & (d), petitiioner-appellant urges the Court that the Seventh District Court of Appeals had decided an important question of State Law in conflict with this Court's applicable decisions; and apparently has misconstrued the application of article 13.15, Tex. C.C.P. (West 2005), to the aggravated sexual assault conviction.

### THE INDICTMENT:

The instant indictment alleged that on August 3, 2012, in Tarrant County, Texas, that petitioner committed the crime of aggravated sexual assault on Melissa by forcing her to perform oral sex on him, **i.e.** he inserted his penis into her mouth.

The indictment at no time alleged any abduction or that other counties may have been the the location of the crime alleged. The State chose to specifically aver aggravated sexual assault by inserting petitioner's penis into the mouth of the complainant against her will and that this crime was committed in Tarrant County. While ommitting any allegation whatsoever related to or regarding any abduction. CR. p.8; RR.Vol.3, pp.6-8, 189-190.

Therefore, the issue at bar is whether petitioner committed the crime of inserting his penis inside the mouth of the complain-

ant against her wishes while in Tarrant County, Texas. Had the indictment averred an abduction of said complainant then perhaps, article 13.15, Tex.C.C.P. would be applicable; or if the indictment had averred multiple counties then again, article 13.15 would be applicable. But the indictment did not aver any abduction nor multiple counties.

**ARTICLE 13.15:**

> Sexual assault may be prosecuted in the county in which it is committed, in the county in which the victim is abducted, or in any county through or into which the victim is transported in the course of the abduction and sexual assault ...".

**VENUE:**

Venue is not an element of the offense. **Fairfield-v-State**, 610 SW.2d 771, 779 (Tex. Crim. App. [Panel Op,] 1981). Venue is a jurisdictional issue that is founded upon the jurisidiction specified in the indictment. Thus, though it is not an element of the offense it still established by the county Garnd Jury that issued the indictment the essesntial jurisdiction to try the case. If no jurisdiction is averred in the indictment then the defect is syructural and the trial court gains no jurisdiction to try the case. Likewise, if the indictment avers a specific county then the crime alleged must be tried within that county, unless all parties agree to change venue. Otherwise, where the jurèsdiction of the county alleged has no jurisdiction to try the case; Unless indicated as more than one county. The multiple jurisdictions might be applicable. Even as article 13.15 delineates.

Which is applicable to the case at bar. Multiple counties were not averred. **Rippee-v-State**, 384 Sw.2d 717, 718 (Tex.Crim.App.

-3-

1964) [Evidence is sufficient to prove venue if from the evidence the jury may reasonably conclude that the offense committed was in the county alleged]; **Sudds-v-State,** 140 Sw.3d 813, 816 (Tex. App. -- Houston [14th Dist.] 2004, no pet.) [same]

The burden of proof is upon the State to prove proper venue by a preponderance of the evidence. Art. 13.17, Tex.Crim.Pooc. **88** The State meets its burden by a preponderance if from the evidence the jury may reasonable conclude that the offense was committed in the county alleged. **Rippee-v-State,** supra.

## TO REASONABLE CONCLUDE:

To reasonably conclude from a preponderance of the evidence that the offense of aggravated sexual assault was committed there first must be a preponderance of the evidence that a crime, as alleged in the indictment occured and then, the jury must find from a preponderance of the evidence that said crime was committed in Tarrant County, Texas.

## IS THERE A
## PREPONDERANCE OF THE EVIDENCE?

A preponderance of the evidence amounts to 51% and/or more likely than not, but in the instance case there is **only** the complainant's accudation that petitioner while driving forced her to perform oral sex upon himself. It is true that her boyfriend corroboarated the fact that she was in the car with petitioner and that he drove her to a specific location a couple counties away. While the rest of the evidence demonstrated that the complainant shot petitioner during what she claimed was a struggle over the gun.

-4-

Yet, a struggle over a gun resulting in petitioner being shot by the complainant does not corroborate the indictment allegation of having forced the complainant to perform oral sex nor does the fact the complainant's boyfriend corroborates she was in the car with petitioner, and he was driving. Neither of those prove any sexual assault. Only the complAInant's accusation is proof but not proof by a preponderance.

The bottomline is the statute, article 13.15, T.C.C.P., in-conjunction with the indictment's averments.In that,

> "Criminal Statutes and Rules must be given
> strict interpretation in favor of defendant
> where substantial rights are involved."

**Smith-v-United States**, 79 S.Ct. 991, 360 U.S. 1, 3 L.Ed.2d 1041 (1955). While the indictment's averments at no time alleged any abduction or multiple counties. Again, lets look at the plain meaning of the statute in quetsion:

> "Sexual assault may be prosecuted in the county
> in which it is committed, in the county in which
> the victim is abducted, or in any county through
> or into which the victim is transported in the
> course of the abduction and sexual asssault".

Art. 13.15, T.C.C.P.

From the onset it is clear the above statute's plain language highlights three essential requirements for the statute to be appliable (1) sexual assault (2) option of multiple county prosecution and (3) the victim is abducted. While the indictment in the instant case does not grant venue to any of a number of counties but rather to a single county only. Likewise, the indictment does not allege any abduction of the victim. Yet, the evidence at trial showed an abduction while in the course of robbery and the victim being

-5-

transported from Tarrant County through another county and into a final county. Thus, the abduction and transportation of the victim relates to a robbery and though the victim lodged the accusation of a sexual assault involving oral sex, it is obvious from the evidence that the oral sex did not occur in Tarrant County and was not related to the robbery, **if** it occurred at all. The adult victim's testimony alone is not proof by a preponderance that the oral sex occurred by force, **if** it occurred at all.

At trial, the court's charge instructions at guilt/innocence did not apply within its application paragraph of the jury charge the article 13.15, T.C.C.P. Thus, its application to the indictment that did not aver abduction or transportation or multiple counties "must be givenstrict interpretation in favor of defendant where substantial rights are involved." **Smith-v-United States**, supra.

Therefore, the court of appeals' opinion did not take into account the jury charge not applying the 13.15 article. Though, it did recognize significant facts related above, to wit:

> "The record is not clear as to the
> exact location of the charged offense."

See appellate opinion attached at p.2.

Furthermore, the court of appeals cited no decisional law in support of their opinion other than the article in question and a single case law, to wit, **Black-v-State**, 645 Sw.2d 789, 790-91 (Tex. Crim. App. 1983) [The State has the burden to prove venue is proper in the county of prosecution).

-6-

## CONCLUSION

In short, absent absent the application paragraph of the trial court's charge at guilt/innocence applying article 13.15, T.C.C.P. it is simply not a legal shoe that fits, in light of the indictment alleging the single county of tarrant and not abduction or transportation. Said indictment, as it is, was charged in the application paragraph of the trial court's charge at guilt/innocence.

Likewise, absent the court of appeals citing any decisional law that article 13.15, T.C.C.P., is applicable absent no jury charge application instruction, AND absent the indictment alleging any of the essential requirements of article 13.15, then their ruling is erroneous regarding venue being established.

For these reasons, petitioner-appellant urges the Court that the court of appeals erred in affirming the conviction based upon sufficient evidence to establish venue in the aggravated sexual assault charge. Especially in light of their fact finding that "The record is not clear as to the exact location of the charged offense." Opinion at 2.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDEREDF, petitioner-appellant prays this Honorable Court will grant this petition for discretionary review and thereafter, allow for briefing on the matter. Thank you.

RESPECTFULLY REQUESTED,

_____
OUSMANE WANGARE: PETITIONER

cc

-7-

## VERIFICATION

I, Ousmane Wangare, do hereby verify under penalty of perjury that the facts related in the foregoing petition for discretionary review are true to the best of his knowledge and inaccordance with the trial record he has been able to obtain. Thus, ousmane Wangare does hereby attest to the facts being true by affixing his signature below:

OUSMANE WANGARE: AFFIANT
ROBERTSON UNTI # 1920786
12071    FM    3522
ABILENE, TX. 79601

cc

## CERTIFICATE OF SERVICE

I, Ousmane Wangare, the petitioner-appellant in the foregoing [PDR] petition for discretionary review does hereby certify that true copies of said petition were placed in the Robertson prison mail box addressed to the Clerk of the Texas Court of Criminal Appeals on this **30th day of March 2015.** I attest to this by affixing my signature below:

_____
**OUSMANE WANGARE: PETITIONER**
**ROBERTSON UNIT # 1920786**
**12071     FM     3522**
**ABILENE, TX. 79601**

**cc**

APPENDIX- A:

The Seventh District Court

of Appeals opinion.



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-14-00176-CR

---

OUSMANE WANGARE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the Criminal District Court 2
Tarrant County, Texas
Trial Court No. 1282179D, Honorable Wayne F. Salvant, Presiding

---

January 7, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Ousmane Wangare was convicted of aggravated sexual assault and sentenced to forty-five years confinement. He contends the evidence is insufficient to establish venue in Tarrant County. We disagree and affirm the judgment.

The State has the burden to prove venue is proper in the county of prosecution. *Black v. State*, 645 S.W.2d 789, 790-91 (Tex. Crim. App. 1983), *overruled on other grounds by Schmutz v. State*, 440 S.W.3d 29 (Tex. Crim. App. 2014). To sustain an allegation of venue, it must only be proved by a preponderance of the evidence. TEX.

CODE CRIM. PROC. ANN. art. 13.17 (West 2005). Sexual assault may be prosecuted in the county in which it is committed, in the county in which the victim is abducted, or in any county through or into which the victim is transported in the course of the abduction and sexual assault. *Id.* art. 13.15. The State alleged in the indictment that appellant caused the penetration of the mouth of the complainant by his sexual organ on May 6, 2012, in Tarrant County.

The evidence at trial showed that the complainant and her boyfriend were accosted by appellant and two other men in Arlington, Texas, in Tarrant County. The men attempted to rob them but the complainant and her boyfriend had very little money. The complainant offered the boyfriend's car to the men. Both victims were driven by the men to where the vehicle was located. Appellant then forced the complainant into the boyfriend's car and drove her by himself to Dallas.[1] Along the way, he compelled her to perform oral sex on him. The record is not clear as to the exact location of the charged offense. However, article 13.15 would permit venue in Tarrant County as the site in which she was abducted and transported in part, and this is the venue provision upon which the jury was charged. Nevertheless, appellant appears to contend that article 13.15 does not apply in this instance because the initial abduction was not sexually motivated but occurred as part of a robbery.

Appellant cites no authority for the proposition that his intent at the time of the abduction controls. Moreover, the venue statute says nothing about the accused's *mens rea* at the time of the abduction. It simply refers to the county in which the abduction occurred, and that was Tarrant. To write into the statute a requirement that the accused intended to rape at the point of abduction would be tantamount to our

---

[1] The other two men took the boyfriend with them in another vehicle.

usurping legislative prerogative. We will not write into the statute criteria the legislature omitted from it.

Accordingly, the judgment is affirmed.

Brian Quinn
Chief Justice

Do not publish.

No. 07-14-00176-CR

| | | |
|---|---|---|
| Ousmane Wangare<br>Appellant | § | From the Criminal District Court 2 of<br>Tarrant County |
| | § | |
| v. | | January 7, 2015 |
| | § | |
| The State of Texas<br>Appellee | § | Opinion by Chief Justice Quinn |
| | § | |

## J U D G M E N T

Pursuant to the opinion of the Court dated January 7, 2015, it is ordered, adjudged and decreed that the judgment of the trial court be affirmed.

Inasmuch as this is an appeal *in forma pauperis*, no costs beyond those that have been paid are adjudged.

It is further ordered that this decision be certified below for observance.

o O o